IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

RANDY MICHAEL BRODNIK, D.O.,

    Plaintiff,

v.                                   Civil Action No. 1:11-0178

ROBERT LANHAM, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

      Pending before the court is the United States' motion to dismiss defendant Robert Lanham from Counts III through VII of the First Amended Complaint and substitute the United States as a defendant in his stead.  (Doc. # 23).  For reasons expressed more fully below, that motion is GRANTED.

### I.  Background

      According to the First Amended Complaint, at the time of the events giving rise to the instant Complaint, defendant Robert Lanham was employed as a special agent with the Internal Revenue Service.  Complaint ¶ 8.  As a result of a six-year investigation of plaintiff Randy Michael Brodnik, D.O. ("Brodnik") for income tax evasion, Lanham recommended that Brodnik be prosecuted.  See id. at ¶ 10.  On March 18, 2009, a federal grand jury returned a seven-count indictment against Brodnik charging him with conspiracy and six counts of income tax evasion.  See id. at ¶ 11.  On June 2, 2010, the grand jury returned a seven-count second superseding indictment charging Brodnik with one count of

conspiracy, five counts of income tax evasion, and one count of corruptly endeavoring to impede and obstruct the due administration of the Internal Revenue laws.  See id. at ¶ 13. After a three-week jury trial, Brodnik was acquitted of all charges.  See id. at ¶¶ 14, 20.

According to the Complaint, at Brodnik's trial, Lanham testified that it was "debatable" that Brodnik had broken the law.  See id. at ¶ 16.  Brodnik further alleges that one of the government's witnesses, defendant Deborah Beck, testified at trial that she illegally accessed Brodnik's electronic mail and provided it to defendant Lanham.  See id. at 17-18.  Count I of the Complaint is brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and alleges the violation of Brodnik's constitutional rights. Count II of the Complaint alleges that defendant Brodnik made numerous wrongful disclosures of plaintiff's tax return information during the investigation, in violation of Internal Revenue Code § 7431.  Counts III through VII are state law claims for civil conspiracy, invasion of privacy, outrage, intentional infliction of emotional distress, and malicious prosecution against defendants Lanham and Beck.

As to the state law claims, (Counts III, IV, V, VI, and VII), the United States has moved to dismiss defendant Lanham and substitute the United States as a defendant.  To that end, the

United States has tendered the Certification by the United States Attorney for the Southern District of West Virginia ("Westfall Certification") that defendant "Lanham was acting within the scope of his employment as an employee of the United States at the time of the incidents out of which these claims arose."  See Exhibit 1 to the United States' Motion to Dismiss.  Brodnik opposes the government's motion and has asked for limited discovery on the appropriateness of the Westfall Certification.

## II.  Analysis

The United States Attorney has certified that Agent Lanham was acting within the scope of his office or employment at the time of the events complained of herein.  "When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General to certify that the employee `was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . . .'" Guiterrez de Martinez v. Lamagno, 515 U.S. 417, 419-20 (1995) (quoting 28 U.S.C. § 2679(d)(1)).  Upon certification, the district court is to dismiss the employee from the action and the United States is substituted as a defendant.  See id. at 420; 28 U.S.C. § 2679(d)(1).  Pursuant to 28 C.F.R. § 15.3(a), the United States Attorneys are authorized to issue these certifications on behalf of the Attorney General.

3

Guiterrez de Martinez v. Drug Enforcement Admin., 111 F.3d 1148, 1152 (4th Cir. 1997).  Once the United States is substituted as the proper party, the relevant claims are then governed by the Federal Torts Claims Act.  See Osborn v. Haley, 549 U.S. 225, 230 (2007).

The Westfall certification is conclusive unless challenged.  Guiterrez de Martinez, 111 F.3d at 1153.  "When the certification is challenged, it serves as prima facie evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment."  Id.  To satisfy this burden, a plaintiff must come forward with either "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision not mere conclusory allegations and speculation."  Id. at 1155.

Only if a plaintiff comes forward with sufficient evidence to satisfy his or her burden of proof does the burden shift back to the United States to come forward with evidence supporting its certification.  See id.  Once that happens, if necessary, a district court may permit limited discovery on the scope of employment issue.  See id.  "Only if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and an evidentiary hearing."  Id.

4

Given that the United States has certified that defendant Lanham was acting within the scope of his employment at the time of the incidents alleged in the Complaint, plaintiff must come forward with evidence, or a forecast of specific evidence, that Lanham was not acting within the scope of his employment at the time of the incidents giving rise to his tort claims.  The court finds that he has not.

According to Brodnik, because the United States Attorney does not indicate "what analysis" he used in making the Westfall certification, limited discovery is necessary to resolution of the scope of employment issue.  However, a court should not allow "even `limited discovery' unless a plaintiff has made allegations sufficient to rebut the Government's certification." <u>Wuterich v. Murtha</u>, 562 F.3d 375, 386 (D.C. Cir. 2009) ("[Plaintiff]'s discovery demands appear to be nothing more than a fishing expedition for facts that <u>might</u> give rise to a viable scope-of-employment claim.") (emphasis in original); <u>see also</u> <u>Osborn</u>, 549 U.S. at 233 (noting that it is "customary" that the certification "state[] no reasons for the determination").  Therefore, because plaintiff has failed to allege specific facts that, taken as true, would show that Lanham's actions herein were outside the scope of his employment, his request for limited discovery is **DENIED** and the motion of the United States to dismiss and

substitute is **GRANTED**.[*]

### III.  Conclusion

For the reasons expressed above, the United States'
motion to dismiss defendant Robert Lanham from Counts III through
VII of the First Amended Complaint and substitute the United
States as a defendant is **GRANTED**.  The Clerk is directed to send
a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 10th day of July, 2014.

ENTER:

David A. Faber
Senior United States District Judge

---

[*] If discovery reveals that Lanham was acting outside the
scope of his employment, plaintiff may seek leave of the court to
revisit the Attorney General's certification as it is subject to
judicial review.  <u>Osborn</u>, 549 U.S. at 230.