```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         BLUEFIELD
```

RANDY MICHAEL BRODNIK, D.O.,

    Plaintiff,

v.                                       Civil Action No. 1:11-0178

ROBERT LANHAM, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the United States' partial motion to dismiss the Amended Complaint and Robert Lanham's motion to dismiss. (Docs. No. 29, 31). For reasons expressed more fully below, the motion of the United States is GRANTED in part and DENIED in part and Lanham's motion is GRANTED.

### I.  Background

According to the First Amended Complaint, at the time of the events giving rise to the instant Complaint, defendant Robert Lanham was employed as a special agent with the Internal Revenue Service. Complaint ¶ 8. As a result of a six-year investigation of plaintiff Randy Michael Brodnik, D.O. ("Brodnik") for income tax evasion, Lanham recommended that Brodnik be prosecuted. See id. at ¶ 10. On March 18, 2009, a federal grand jury returned a seven-count indictment against Brodnik charging him with conspiracy and six counts of income tax evasion. See id. at ¶ 11. On June 2, 2010, the grand jury returned a seven-count second superseding indictment charging Brodnik with one count of

conspiracy, five counts of income tax evasion, and one count of corruptly endeavoring to impede and obstruct the due administration of the Internal Revenue laws. See id. at ¶ 13. After a three-week jury trial, Brodnik was acquitted of all charges. See id. at ¶¶ 14, 20.

According to the Complaint, at Brodnik's trial, Lanham testified that it was "debatable" that Brodnik had broken the law. See id. at ¶ 16. Brodnik further alleges that one of the government's witnesses, defendant Deborah Beck, testified at trial that she illegally accessed Brodnik's electronic mail and provided it to defendant Lanham. See id. at 17-18. Count I of the Complaint is brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and alleges the violation of Brodnik's constitutional rights. Count II of the Complaint alleges that defendant Beck made numerous wrongful disclosures of plaintiff's tax return information during the investigation, in violation of Internal Revenue Code § 7431. Counts III through VII are state law claims for civil conspiracy, invasion of privacy, outrage, intentional infliction of emotional distress, and malicious prosecution against defendants Lanham and Beck.

As to the state law claims, (Counts III, IV, V, VI, and VII), the United States moved to dismiss defendant Lanham and substitute the United States as a defendant. By Memorandum

2

Opinion and Order dated July 10, 2014, the court granted the United States' motion.

## II.  Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim."  Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance.  When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,"

3

and, when accepted as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed.2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S. Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951–52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the

4

>complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'"  Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).
>
>Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted).  The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Id. at 1950.  Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951.

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009).

### III.  Analysis

A.   United States

The United States has moved to dismiss all claims against it except for certain portions of Count II.  According to the United States, Count I, a Bivens claim, may not be brought against the United States.  As to Count II, certain of the alleged unauthorized disclosures do not allege the disclosure of tax information or they allege authorized disclosures.  As to the remaining state law claims, given the substitution of the United States, the United States argues that such claims may only be brought pursuant to the Federal Tort Claims Act ("FTCA"). Alleging that plaintiff has failed to exhaust his administrative

remedies under the FTCA, the United States says those claims are subject to dismissal for lack of subject matter jurisdiction.

As to Count I, plaintiff agrees that Count I should be dismissed against the United States.  Regarding Count II, plaintiff contends that he has properly alleged sufficient facts to sustain his claims for wrongful disclosure and requests that discovery be permitted.  Finally, as to the remaining counts, Brodnik argues that the motion to dismiss is premature given that the court had yet to rule on the motion for substitution as of the filing of the United States' motion.

The court agrees with plaintiff that the motion to dismiss as to Count II should be denied at this juncture.  Indeed, it is clear from briefs filed by both parties that such a determination would be better made via a motion for summary judgment because resolution of the claims is largely bound up in the facts of the case and plaintiff has not yet had the opportunity to conduct discovery.  For this reason, the motion to dismiss will be DENIED as to Count II.

Finally, with respect to the remaining state law counts, the court has granted the United States' motion for substitution.  However, plaintiff has not been provided an opportunity to demonstrate that he has exhausted his administrative remedies.  Accordingly, the motion to dismiss will be DENIED without prejudice in order to allow plaintiff to demonstrate that he has

in fact exhausted his administrative remedies. The United States may, however, renew its motion to dismiss regarding failure to exhaust.

B.      Robert Lanham

Lanham has moved to dismiss Count I, the Bivens claim, arguing that plaintiff has failed to plead facts showing that he deprived Brodnik of clearly established constitutional rights. Lanham also argues that he is shielded from liaiblity by absolute and/or qualified immunity.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971); Davis v. Passman, 442 U.S. 228, 239 n. 18 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment). A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. Iqbal, 556 U.S. at 675-76. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (Section 1983 "merely provides a method for

vindicating federal rights elsewhere conferred"). In other words, the Constitution supplies the rights and duties and otherwise fills in the content of a § 1983 claim. So "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." Id.

The defense of qualified immunity shields a government official from liability for civil monetary damages if the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994); Smook v. Hall, 460 F.3d 768, 777 (6th Cir. 2006). The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In Saucier v. Katz, 533 U.S. 194, 195 (2002), the Supreme Court mandated a two-step sequence for resolving the qualified immunity claims of government officials.

> First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right. 533 U.S., at 201, 121 S. Ct. 2151. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Ibid. Qualified immunity is

8

>   applicable unless the official's conduct violated a clearly established constitutional right.

Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009).  The Supreme Court has held that courts may exercise discretion in deciding which of the two Saucier prongs "should be addressed first in light of the circumstances in the particular case at hand."  See id. at 818.  "[T]he rigid Saucier procedure comes with a price.  The procedure sometimes results in a substantial expenditure of scarce judicial resources on difficult questions that have no outcome on the case.  There are cases in which it is plain that a constitutional right is not clearly established but far from obvious whether in fact there is such a right."  Id.

Under the first prong, a court must determine whether the facts as alleged, taken in the light most favorable to plaintiff, demonstrate the violation of a constitutional right.  Saucier, 533 U.S. at 201 ("Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [state actor's] conduct violated a constitutional right?").  If the allegations do not give rise to a constitutional violation, no further inquiry is necessary.  Id.

A right is clearly established when it has been authoritatively decided by the Supreme Court, the appropriate United States Court of Appeals, or the highest court of the state in which the action arose.  Edwards v. City of Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999).  The relevant, dispositive inquiry

is whether it would be clear to a reasonable person that the conduct was unlawful in the situation he confronted.  Saucier v. Katz, 533 U.S. 194, 195 (2002).  "Clearly established" does not mean that "the very action in question has previously been held unlawful," but requires the unlawfulness of the conduct to be apparent "in light of preexisting law."  Wilson v. Layne, 526 U.S. 603, 615 (1999).

> The responsibility imposed on public officials to comply with constitutional requirements is commensurate with the legal knowledge of an objectively reasonable official in similar circumstances at the time of the challenged conduct.  It is not measured by the collective hindsight of skilled lawyers and learned judges. * * * "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines."  Maciarello v. Sumner, 973 F.2d 295, 295 (4th Cir. 1992), cert. denied, 506 U.S. 1080 (1993).

Jackson v. Long, 102 F.3d 722, 730-31 (4th Cir. 1996); see also Williams v. Hansen, 326 F.3d 569, 578-79 (4th Cir. 2003) (holding that for purposes of qualified immunity, executive actors are not required to predict how the courts will resolve legal issues). "In determining whether the specific right allegedly violated was `clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged.'"  Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994)(quoting Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992)).

10

As noted above, the first step in evaluating a <u>Bivens</u> claim is to identify the specific constitutional right allegedly violated. The court agrees with Lanham that plaintiff has failed to identify the specific constitutional right forming the basis of his <u>Bivens</u> claim. For example, the Complaint does not point to any specific provision of federal law allegedly violated by Lanham's conduct but, rather, states that Lanham's actions "include deprivation of property rights and unlawful seizures of property without adequate justification or cause, plaintiff Brodnik was deprived of rights guaranteed under the Constitution of the United States." First Amended Complaint at ¶ 25. Lanham construed plaintiff's <u>Bivens</u> count to allege violations of the Fourth and Fifth Amendment. <u>See</u> Doc. No. 30 at p. 6 n.6. Plaintiff's brief in response to the motion to dismiss does little to clear up the matter. He states:

> Defendant Lanham testified at the criminal trial of plaintiff that it was "debatable" as to whether plaintiff Brodnik violated the law. This fact supports plaintiff's allegation that defendant Lanham deprived plaintiff of property rights because defendant Lanham did not believe that a crime had occurred. Furthermore, without suspicion that a crime had occurred, defendant Lanham's actions in unlawfully seizing plaintiff's property also constitutes a deprivation of plaintiff's property rights.
>
> Defendant Lanham argues that to the extent plaintiff alleges that the actions taken by defendant Beck (illegally accessing plaintiff Brodnik's electronic mail) were caused by defendant Lanham, plaintiff's claims would fail because there is no vicarious liability. However,

> defendant Lanham participated in defendant Beck's actions by using the illegally access electronic mail in the prosecution of plaintiff Brodnik. . . . Furthermore, defendant Lanham also discussed possible compensation for defendant Beck if plaintiff was convicted, thus encouraging defendant Beck to gain information in any manner possible. By encouraging defendant Beck to illegally search and seize plaintiff's electronic mail, and then subsequently using the fruit of that illegal search and seizure, plaintiff's Fourth Amendment rights were violated.

Doc. No. 39 at pp. 3-4.

Without opining on the merits or viability of any such claims, the court believes that the foregoing might be interpreted as alleging the violation of several different constitutional rights. For example, is Brodnik alleging that Lanham's testimony at trial violated his Fifth Amendment due process rights. But see, e.g., Washington v. Hanshaw, 552 F. App'x 169, 172 (3d Cir. 2014) ("The Supreme Court has made clear, however, that [the right to be free from criminal prosecution except upon probable cause] does not sound in substantive due process."); Osborne v. Rose, 133 F.3d 916 (4th Cir. 1998) (unpublished). Or is he alleging that Lanham's testimony is sufficient to state a so-called Bivens "malicious prosecution" claim under the Fourth Amendment? See Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009) (plaintiff "is free to pursue a claim under the Fourth Amendment that has two elements - a wrongful seizure and a termination in her favor of the proceedings following her seizure"); Lambert v. Williams, 223

F.3d 257, 262 (4th Cir. 2000) ("[T]here is no such thing as a `§ 1983 malicious prosecution' claim.  What we termed a `malicious prosecution' claim in Brooks is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution- specifically, the requirement that the prior proceeding terminate favorably to the plaintiff.").  And of the allegedly illegal access to Brodnik's email, is plaintiff asserting that Lanham violated his Fourth Amendment rights by using Beck to illegally search and seize the emails?  See United States v. Jacobsen, 466 U.S. 109, 113 (1984) (The Fourth Amendments proscribes "only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.") (internal quotations omitted); United States v. Jarrett, 338 F.3d 339 (4th Cir. 2003) ("The question commonly posed is whether an individual acted as an `instrument' or `agent' of the government.  Determining whether the requisite agency relationship exists "necessarily turns on the degree of the Government's participation in the private party's activities. . .  .")(quoting Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 614-15 (1989)).  Is it none of the above or all three?

13

Nailing down the specific right or rights allegedly violated is especially necessary in determining whether qualified immunity protects the government official's actions as the court must determine whether such right was "clearly established." Without knowing the specific right allegedly violated, the court is unable to make such a determination because, as noted earlier, the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged.

For all these reasons, Lanham's motion to dismiss Count I is GRANTED. The court will, however, permit plaintiff to attempt to cure the deficiencies noted herein by filing an amended complaint within thirty days of entry of this Memorandum Opinion and Order. As to Count II, plaintiff agrees that Lanham is not a proper party and should be dismissed.

### III. Conclusion

For the reasons expressed above, the United States' motion to dismiss is GRANTED as to Count I and DENIED in all other respects. Lanham's motion to dismiss is GRANTED as to Counts I and II. However, plaintiff is permitted to file an amended complaint within 30 days that will address the deficiencies noted herein as to his <u>Bivens</u> claim. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 29th day of October, 2014.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge