```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

RANDY MICHAEL BRODNIK, D.O.,

    Plaintiff,

v.                                        Civil Action No. 1:11-00178

ROBERT LANHAM, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of counsel for plaintiff, Paul J. Harris, to withdraw as counsel in this matter. See ECF No. 146. In support of his motion to withdraw, Mr. Harris states that plaintiff "has expressed written dissatisfaction with Harris' representation" and "has retained other counsel[.]" Id. However, as of this date, no other attorney has filed a Notice of Appearance on behalf of plaintiff in this action.

Local Rule of Civil Procedure 83.4 which governs the withdrawal and/or termination of representation provides as follows:

An attorney may withdraw from a case in which he or she has appeared only as follows:

> (a) By Notice of Withdrawal. A party's attorney may withdraw from a case by filing and serving a notice of withdrawal, effective upon filing, if:
> (1) multiple attorneys have appeared on behalf of the party; and
> (2) at least one of those attorneys will still be the party's counsel of record after the attorney seeking to withdraw does so.

    (b)    By Notice of Withdrawal and Substitution. A party's attorney may withdraw from a case by filing and serving a notice of withdrawal and substitution, effective upon filing, if the notice includes:
        (1)    the withdrawal and substitution will not delay the trial or other progress of the case; and
        (2)    the notice is filed and served at least 90 days before trial.
    (c)    By Motion. An attorney who seeks to withdraw other than under LR 83.4(a) or (b) must move to withdraw and must show good cause. The attorney must notify his or her client of the motion.

The motion, standing alone, does not satisfy the court that good cause exists to allow Mr. Harris to withdraw as counsel. Therefore, the court sets a hearing on the motion for December 5, 2022, at 2:30 p.m., in Bluefield. Mr. Harris should provide a copy of this Order to plaintiff. In the event that Mr. Brodnik's new counsel files a notice of appearance prior to the December 5 hearing, the court will consider whether LR 83.4(b) allows for Mr. Harris' withdrawal.

    The deadline for the parties to file an amended report of Rule 26(f) meeting and Scheduling Order Worksheet is **CONTINUED** until further Order of the court.

    The Clerk is directed to send a copy of this Order to counsel of record.

    **IT IS SO ORDERED** this 7th day of November, 2022.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge

2