IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

RANDY MICHAEL BRODNIK, D.O.,

    Plaintiff,

v.                                       Civil Action No. 1:11-00178

ROBERT LANHAM, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    Pending before the court is the motion of Paul J. Harris to withdraw as counsel for plaintiff. (ECF No. 146). In support of his motion to withdraw, Mr. Harris states that plaintiff "has expressed written dissatisfaction with Harris' representation" and "has retained other counsel[.]" Id. However, as of this date, no other attorney has filed a Notice of Appearance on behalf of plaintiff in this action. On December 4, 2022, Mr. Harris filed a supplement to his motion to withdraw, indicating that plaintiff had sued him, see 1:22CV00312, Brodnik v. Harris, and forwarded a copy of that complaint to the West Virginia Office of Disciplinary Counsel. See ECF No. 148. Brodnik v. Harris is a legal malpractice case regarding Harris' representation of Brodnik in another legal matter.

    Local Rule of Civil Procedure 83.4 which governs the withdrawal and/or termination of representation provides as follows:

An attorney may withdraw from a case in which he or she has appeared only as follows:

   (a)   By Notice of Withdrawal.  A party's attorney may withdraw from a case by filing and serving a notice of withdrawal, effective upon filing, if:
      (1)   multiple attorneys have appeared on behalf of the party; and
      (2)   at least one of those attorneys will still be the party's counsel of record after the attorney seeking to withdraw does so.
   (b)   By Notice of Withdrawal and Substitution.  A party's attorney may withdraw from a case by filing and serving a notice of withdrawal and substitution, effective upon filing, if the notice includes:
      (1)   the withdrawal and substitution will not delay the trial or other progress of the case; and
      (2)   the notice is filed and served at least 90 days before trial.
   (c)   By Motion.  An attorney who seeks to withdraw other than under LR 83.4(a) or (b) must move to withdraw and must show good cause.  The attorney must notify his or her client of the motion.

Mr. Harris indicates that he has notified Dr. Brodnik of his motion to withdraw.  Plaintiff has not objected to the motion to withdraw.

"The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." Abbott v. Gordon, Civ. No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010).  Rule 83.7 of the Local Rules of Civil Procedure provides that all attorneys who practice before this Court must adhere to the Rules of Professional Conduct, as adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar

Association (the ABA Model Rules).\*  According to West Virginia Rule of Professional Conduct 1.16(b)(6) "a lawyer may withdraw from representing a client if . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. . . ."  In addition, West Virginia Rule of Professional Conduct 1.16(b)(7) permits an attorney to withdraw if "other good cause for withdrawal exists."  Mr. Harris has given good reasons for allowing his withdrawal as counsel for plaintiff.  See Pritt v. Suzuki Motor Co., Ltd., 513 S.E.2d 161, 169 (W. Va. 1998) ("A lawyer may always withdraw from representing a client when he is justified in doing so because . . . client's other conduct that makes it unreasonably difficult for the lawyer to effectively do his work.").  Given plaintiff's pending lawsuit against Mr. Harris, it would be unreasonably difficult for Mr. Harris to continue to represent plaintiff in this matter.  See City of Joliet v. Mid-City Nat. Bank of Chicago, 998 F. Supp.2d 689, 693 (N.D. Ill. 2014) (holding that good case to withdraw as counsel

---

\* Local Federal Rule 83.7 states:

In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Local R. Civ. P. 83.7.

was present where business partner of attorneys' clients had sued attorneys in an unrelated matter).

Therefore, Mr. Harris' motion is supported by good cause and it is **GRANTED**. Within thirty (30) days of entry of this Order, Dr. Brodnik should inform the court if he intends to obtain counsel to represent him in this matter or if he will proceed pro se.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties. The Clerk is likewise to send a copy of this Order to Dr. Brodnik at 150 Courthouse Rd., Suite 202, Princeton, WV 24740, certified mail return receipt requested.

The Clerk is directed to send a copy of this Order to counsel of record.

**IT IS SO ORDERED** this 5th day of December, 2022.

ENTER:

David A. Faber
Senior United States District Judge